**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL BEASLEY,                        )
                                       )
        Plaintiff,             )
                                       )
v.                                     )          Civil Action No. 24-cv-03250 (UNA)
                                       )
                                       )
GIANT FOOD,                            )
                                       )
        Defendant.             )

**<u>Memorandum Opinion</u>**

Plaintiff, proceeding *pro se*, has filed a complaint and an application for leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 2. The Court grants Plaintiff's IFP application. For the reasons discussed below, the Court dismisses this case under Federal Rule of Civil Procedure 8(a), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues a Giant Food supermarket, also located in the District. *See* ECF No. 1 at 1–4. His complaint states only that Defendant "had [him] working as a cashier" and he "did not know it." *Id.* at 3. Plaintiff demands $250,000 in damages. *Id.* at 4. No other information is provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies." *Wells v. Gray*, 17 F. Supp. 3d 27, 28 (D.D.C. 2014). Here, Plaintiff's allegations fall short of providing notice of a claim.

Plaintiff's complaint also fails to establish subject matter jurisdiction. The jurisdiction of the federal district courts is generally limited to when a "federal question" is presented or the parties are of diverse citizenship and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

The complaint here does not present a federal question. Plaintiff does not invoke any authority that provides a federal cause of action, and the Court cannot independently discern any basis for federal question jurisdiction from the spare facts presented in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly." (alteration in original) (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam))). The complaint also does not establish diversity of citizenship. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007). Here, all parties appear to be citizens of the District of Columbia, defeating complete diversity. *See id.*

For the above reasons, the Court dismisses the complaint, and this matter, without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:   January 31, 2025                     /s/_____

AMIR H. ALI
*United States District Judge*